# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fany Yadira Montes Cueva, | No. CV-25-04527-PHX-JJT (ASB) |
| Petitioner, | **ORDER** |
| v. | |
| Unknown Party, *et al.*, | |
| Respondents. | |

On December 7, 2025, Petitioner, through counsel, submitted this 28 U.S.C. § 2241 action through the Court's After-Hours Emergency Process. Petitioner challenges her immigration detention and seeks a stay of removal. (Doc. 1.) She also filed an Emergency Motion for Temporary Restraining Order. (Doc. 2.) The Court will deny the Motion and dismiss the Petition.

**I.   Background**

Petitioner is a citizen of Honduras, fled Honduras to escape gang violence, entered the United States twenty-three years ago, has three United States citizen children, applied for asylum, and was detained by ICE on December 3, 2025 when appearing for an asylum interview. (Doc. 1 ¶¶ 1-5.) Upon her detention, Petitioner learned an in absentia final order of removal was entered against her in 2002. (*Id.* ¶ 5.) She filed this action challenging her immigration detention and the entry of the in absentia removal order. (Doc. 1.) In her Motion, she further seeks to enjoin her removal pending adjudication of her habeas petition. (Doc. 2.)

**II.     Summary Dismissal**

A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *See* Rule 4 of the Rules Governing § 2254 Cases; *see also, e.g.*, *Jackson v. Ashcroft*, 347 F. Supp. 2d 924, 925 (D. Or. 2004) (dismissing § 2241 Petition pursuant to Rule 4).

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). District courts are directed to screen habeas corpus petitions before requiring the government to file a response. A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, foll. 28 U.S.C. § 2254.[1] *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions . . . are instructed to summarily dismiss claims that are clearly not cognizable."); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

**A.     Count One**

Petitioner first challenges her immigration detention as violative of her Fifth Amendment rights and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner fails to state a claim because although Petitioner challenges her order of removal in Count Two, at this juncture, her order of removal is valid and, as a result, her detention is authorized under 8 U.S.C. § 1231(a)(6). Further, because she was detained only a few days ago, her detention is not unreasonably prolonged. Finally, to the extent Petitioner argues she was

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts apply to habeas corpus proceedings under § 2241. *See* Rule 1(b), foll. 28 U.S.C. § 2254.

entitled to a pre-deprivation hearing before being taken into custody, the Petition does not articulate if Petitioner initially entered the United States without inspection or was released into the United States after encountering immigration officials and, if released, the basis under which she was released. Therefore, the Court cannot determine whether she was entitled to process before her arrest on December 3, 2025. Count One must be dismissed.

### B.    Count Two

In her second claim, Petitioner challenges the entry of her in absentia order of removal. She alleges her Notice to Appear did not provide notice of her removal proceedings and was thus defective under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018) (determining a notice to appear is defective if it does not include the time and place of the initial hearing). Habeas corpus review in federal district court, however, is not available for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9),[2] or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release." *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding review of other discretionary decisions and actions specified by statute).

Petitioner's challenge to her removal order is barred from habeas corpus review under 8 U.S.C. §§ 1252(a)(5) and (b)(9). *See Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011); *see also J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016) ("Taken together, § 1252(a)(5) and § 1252(b)(9) mean that *any* issue–whether legal or factual–arising from any removal-related activity can be reviewed only through the [petition for review] process" before the court of appeals); *Martinez v. Napolitano*, 704 F.3d 620, 622

---

[2] *See also* 8 U.S.C. § 1252(a)(5) (the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal").

(9th Cir. 2012) ("When a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by section 1252(a)(5)").

For these reasons, Petitioner fails to state a cognizable claim for habeas corpus relief, the Petition will be dismissed, and the Emergency Motion for Temporary Restraining Order will be denied.

**IT IS ORDERED:**

(1) Petitioner's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and this action are **dismissed**.

(2) Petitioner's Emergency Motion for Temporary Restraining Order (Doc. 2) is **denied**.

(3) The Clerk of Court shall enter judgement accordingly and terminate this case.

Dated this 10th day of December, 2025.

Honorable John J. Tuchi
United States District Judge